IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GARDNER REIFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORP. ET AL.,<br><br>    Defendants.                            / | No. C 11-03505 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

      This case began in 1998, with a complaint filed by Plaintiff Martin Reiffin against Microsoft for patent infringement. <u>See</u> No. 98-0266, Compl. (dkt. 1) ("the 1998 case"). Plaintiff has now filed a new lawsuit to vacate the prior judgment, alleging that Defendants Microsoft, William Gates, and Steven Ballmer committed "fraud on the court" during the 1998 case. No. 11-03505,[1] Amended Compl. (dkt. 23) ¶ 1.

      Defendant Microsoft moves to dismiss Plaintiff's claims, primarily asserting that the claims are barred by *res judicata*.[2] Mot. to Dismiss (dkt. 10) at 8.

---

[1] All cites are to this case number unless otherwise noted.

[2] In his new lawsuit, Plaintiff sued Microsoft, William Gates, and Steven Ballmer. Plaintiff subsequently moved for entry of default against William Gates, (No. 11-03505, dkt. 31) and Steven Ballmer, (No. 11-03505, dkt. 32), and the Clerk denied entry of default against both. <u>See</u> Declination of Default, No. 11-03505, (dkt. 33, 34). Only Defendant Microsoft has moved to dismiss; neither Defendant Gates nor Ballmer joined in the Motion. <u>See generally</u> Mot. to Dismiss, No. 11-03505, dkt. 10. In its Motion, Defendant Microsoft argues that, "[t]he only relation of Bill Gates and Steve Ballmer to this lawsuit is their roles as Microsoft executives. There is no individual involvement at all. Neither Defendant Ballmer, nor Defendant Gates, was a witness or party to the prior action. For this reason alone, the Court should dismiss claims against these defendants." Mot. to Dismiss at 19. However, the

As discussed below, because Plaintiff either previously litigated or had the opportunity to litigate the claims he alleges here, and because he fails to state a claim for fraud on the court, Defendant's Motion to Dismiss is GRANTED.[3]

## I. BACKGROUND

On January 23, 1998, Plaintiff filed a complaint against Microsoft alleging infringement of two of his patents: U.S. Patent No. 5,694,603 ("the '603 patent") and U.S. Patent No. 5,694,604 ("the '604 patent"). No. 98-0266, dkt. 1.

On July 10, 1998, Judge Walker granted Defendant's Motion for Summary Judgment of patent invalidity for both patents. No. 98-0266, dkt. 128. The Federal Circuit remanded the case on June 5, 2000, holding that the district court should not have reviewed an ancestor patent application that Plaintiff had filed in 1982, instead of the two filed in 1990 and 1994 respectively. Reiffin v. Microsoft Corp., 214 F.3d 1342 (Fed. Cir. 2000).

In March 2003, on remand, Judge Walker again granted Defendant's Motion for Partial Summary Judgment on invalidity. No. 98-0266, dkt. 454 at 19. The court found that the '603 patent was invalid for failing to meet the statutory written description requirement. Id. Because the '604 patent was an extension of the '603 application, the holding essentially invalidated both of the patents-in-suit. Id. On July 9, 2003, the court denied Plaintiff's Motion for Reconsideration of this ruling. No. 98-0266, dkt. 485.

On March 11, 2004, the case was stayed pending the outcome of reexamination proceedings for the '604 patent. No. 98-0266, dkt. 560. On September 25, 2007, the Patent and Trademark Office issued a Final Rejection of claims 1-83 of the '604 patent. Ex parte Martin Reiffin, No. 2007-2127, 2007 WL 2814119 (B.P.A.I. Sep. 25, 2007). The Federal Circuit upheld this rejection on appeal. In re Reiffin Family Trust, No. 2008-1544, 2009 WL 2222341 (Fed. Cir. July 27, 2009).

---

Court will not *sua sponte* dismiss Defendants Gates and Ballmer.

[3] Plaintiff also filed a Motion to Set Aside Judgment in this case. See dkt. 25. That Motion is DENIED as moot.

2

On November 12, 2009, Plaintiff again filed a Motion for Reconsideration of the court's March 11, 2003 entry of summary judgment for Defendant. No. 98-0266, dkt. 581. Plaintiff asserted three arguments in support of reconsideration: (1) the existence of a material difference in the law since entry of the order; (2) discovery of new material facts; and (3) the failure of the court to consider the declaration of Plaintiff's expert. Id. at 3-4. The court rejected all three arguments as lacking merit. No. 98-0266, dkt. 598 at 3. The court ordered the parties to file a joint proposed form of judgment by May 27, 2010. Id. at 7. On May 5, 2010 the parties entered a stipulated judgment on the merits, with costs payable to Microsoft. No. 98-0266, dkt. 604. The Federal Circuit affirmed this judgment on February 24, 2011. No. 98-0266, dkt. 625.

On April 10, 2011 Plaintiff, acting *pro se* and without his attorney's consent, filed a Motion to Vacate Judgment under Federal Rule of Civil Procedure 60, asserting that Defendant had committed fraud on the court. No. 98-0266, dkt. 628. Because Plaintiff was still represented by an attorney, the court held that the motion was improperly filed, and struck it from the record. No. 98-0266, dkt. 644. The motion was later reinstated after Plaintiff's attorney withdrew from the case. No. 98-0266, dkt. 657 (the "Judge Alsup Order").[4] Ultimately the motion was denied. Id.

In denying the Motion to Vacate Judgment, the court held that Plaintiff's fraud on the court allegations were improper for two reasons. Id. First, as directed at the May 2010 stipulated judgment, allegations of fraud on the court were irrelevant, because the judgment was based on the parties' agreement. Id. at 5. Second, as directed at the March 2003 summary judgment order, Plaintiff's allegations were time-barred, because they were not brought within one year from entry of the order. Id.; see also Fed. R. Civ. P. 60(c)(1). The court denied Plaintiff's Motion for Reconsideration of this order on June 14, 2011. No. 98-0266, dkt. 660.

//

---

[4] In May 2011, after Judge Walker retired, Judge Alsup inherited the case. See Order Reassigning Case, No. 98-0266, dkt. 651.

3

Plaintiff then brought this new lawsuit under Federal Rule of Civil Procedure 60(d)(3) against Microsoft, William Gates III, and Steven Ballmer on July 18, 2011.  No. 11-03505, Compl. (dkt. 1) ¶ 1.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action that fails to state a claim upon which relief can be granted.  All well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the pleaded factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  A legal conclusion couched as a factual allegation need not be accepted.  Id.

### B.  Action to Vacate Judgment Under Rule 60(d)

Under Rule 60(d)(3), a judgment may be set aside based on "fraud on the court." Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner."  Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989) (internal citation omitted).  Courts are to read "fraud on the court" narrowly, in order to preserve final judgments.  See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1104 (9th Cir. 2006).  Non-disclosure, or perjury by a party or witness, does not alone amount to fraud on the court.  Appling v. State Farm Mutual Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003).

Because Rule 60 calls for an equitable remedy, relief is reserved for only those instances where necessary "to prevent a grave miscarriage of justice."  United States v. Beggerly, 524 U.S. 38, 47 (1998).  The Rule allows for both a motion to set aside judgment,

4

under Rule 60(b), or an "independent action to relieve a party from a judgment, order or proceeding," under Rule 60(d)(1). This language has been interpreted as allowing a party to either file a motion within the same case under Rule 60(b), or to file an entirely new complaint under Rule 60(d). Wood v. McEwan, 644 F.2d 797, 801 (9th Cir. 1981).

Motions filed under Rule 60(b) "must be made . . . no more than a year after entry of the judgment." Fed. R. Civ. P. 60(c)(1). New lawsuits under Rule 60(d) are not subject to this time limitation. Wood, 644 F.2d at 801. As such, "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." Id. at 46-47 (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).

## III. DISCUSSION

Plaintiff's Complaint challenges the judgment in the 1998 case based on eight "knowingly false" assertions Microsoft allegedly made during the prior litigation. Amended Compl. ¶ 14. Defendant Microsoft seeks dismissal, arguing that the Complaint fails to state a claim and that Plaintiff's claims are barred by the doctrine of *res judicata*. Mot. to Dismiss at 4. Plaintiff opposes the Motion, asserting that his claims should proceed for two reasons. Opp'n to Mot. to Dismiss (dkt. 21) at 4. First, Plaintiff challenges Judge Alsup's finding that Plaintiff's Rule 60 fraud claims are time-barred. Opp'n at 4. Plaintiff asserts that his claims of fraud on the court were timely, and that this prior holding is therefore not an adjudication on the merits for *res judicata* purposes. Opp'n at 5. Second, Plaintiff asserts that because he raises new facts that support a finding of fraud on the court, his case is not barred by *res judicata*. Opp'n at 6. For the reasons set forth below, neither challenge has merit.

### A. Plaintiff's challenge to the previous determination that his Rule 60(b) motion is time-barred should have been resolved on appeal.

On June 10, 2011, Judge Alsup denied Plaintiff's Rule 60 Motion to Vacate Judgment in the 1998 case. No. 98-00266, dkt. 657. Both parties discuss the Judge Alsup Order at length in their briefing, but it is not determinative of Defendant's current Motion.

5

Defendant argues that the Judge Alsup Order functions as a judgment on the merits for *res judicata* purposes. Mot. to Dismiss at 15 n.2. Plaintiff asserts the opposite, claiming that his fraud on the court allegations are not time-barred. Opp'n to Mot. to Dismiss (dkt. 21) at 4. As discussed below, the Judge Alsup Order need not function as a judgment on the merits for Plaintiff's claims to be barred by *res judicata*. Moreover, to the extent Plaintiff seeks to challenge the Judge Alsup Order, he should have appealed it. Plaintiff had ample notice of the appealibility of the decision. See Order Denying Rule 60 Motion, No. 98-00266 (dkt. 657) at 6 ("If Mr. Reiffin wishes to challenge any of the rulings herein, appeal to the Federal Circuit Court of Appeals is the appropriate recourse."); see also Order Denying Reconsideration, No. 98-00266 (dkt. 660) ("As stated in [the prior] order if plaintiff wishes to challenge any of the rulings therein, an appeal to the Federal Circuit Court of Appeals is the appropriate recourse."). Plaintiff did not appeal the Judge Alsup Order. See Fed. R. App. P. 4(a)(1)(A) ("notice of appeal . . . must be filed with the district clerk within 30 days"); Fed. R. App. P. 4(a)(4)(A)(vi) ("the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion for relief under Rule 60").

### B. Because Plaintiff does not raise any new and distinct issues of fraud on the court, his independent Rule 60(d) action is precluded under the doctrine of *res judicata*.

Even without regard to the Judge Alsup Order, Plaintiff's Rule 60(d) action is barred.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) citing Cromwell v. County of Sac., 94 U.S. 351, 352 (1876). *Res judicata* is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Claim preclusion bars issues that were in fact litigated, or could have been litigated. United States ex Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998) ("*Res judicata* bars relitigation of all grounds of recovery that were

asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits.").

*Res judicata* is applicable to Rule 60(d) actions for fraud on the court. Weldon v. U.S., 70 F.3d 1, 5 (2d Cir. 1995). In order to maintain an independent action for fraud upon the court under Rule 60(d), "a plaintiff must have had no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action. Independent actions are thus barred where plaintiff had ample opportunity to or, in fact, did raise the alleged fraud in the underlying action." Duse v. IBM Corp., 212 F.R.D. 58, 61-62 (D. Conn. 2002) (citations omitted).

Plaintiff has brought a Rule 60(d) motion in which he analogizes his case to Hazel-Atlas, 322 U.S. 238. Compl. ¶ 18. Hazel-Atlas involved a plaintiff's attorney who fabricated an article in a trade journal in order to facilitate the grant of a pending patent application. Id. at 240. The plaintiff then brought an infringement suit against Hazel-Atlas. Id. In awarding judgment to the plaintiff, the court relied on the article, and held that defendant Hazel-Atlas was infringing a valid patent. Id. at 241. Long after the case closed, Hazel-Atlas learned that the article was fabricated. Id. at 243. The company then brought a separate suit for fraud on the court. Id. In contrast, here, Plaintiff does not make any new assertions, or bring forth any new facts. Plaintiff has either already litigated, or had the opportunity to litigate, many of the issues of fraud on the court raised in the 1998 case.

Thus, Plaintiff asserts that Microsoft represented that the concepts of "interruption" and "preemption" are conflated and inseparable. Amended Compl. ¶¶ 14, 55-56. Plaintiff alleges that by conflating the two, "Microsoft was . . . able to deceive the original district judge into [a] ruling" in its favor. Id. ¶ 57. Plaintiff had ample opportunity to construe the '603 patent claims during the 1998 case. In fact, Plaintiff did litigate this claim; his claim construction brief proffers definitions for "interrupt" and "preemptive." See Plaintiff's Claim Construction Brief, No. 98-00266, (dkt. 293) at 19-20. Claim preclusion bars him from making this assertion again. See United States ex Barajas, 147 F.3d at 909.

7

1    Plaintiff next argues that Microsoft represented that each of the patent claims recite
that the editor is interrupted and preempted at each interrupt. Amended Compl. ¶¶ 14, 59.
Plaintiff alleges that this false assertion was a "major ground for the summary judgment." Id.
¶ 59. Relatedly, Plaintiff also asserts that Microsoft falsely represented that "slowing the
frequency of interrupts from the disclosed average frequency of 50 times per second down to
only 20 times per second would prevent the loss of keystrokes by keeping up with fast
typists, proving that the editor cannot be interrupted," and "after each keystroke operation the
context of the editor is lost before the next keystroke operation." Id. ¶ 14.[5] But Plaintiff
made these arguments in the 1998 case. See Mot for Reconsideration, No. 98-00266, (dkt.
581) at 4. The court considered and rejected them. Order, No. 98-00266 (dkt. 598) at 5.
Claim preclusion bars him from making them again. See United States ex Barajas, 147 F.3d
at 909.

   Plaintiff additionally contends that Microsoft represented that "the claimed editor is
not disclosed as interrupted." Amended Compl. ¶¶ 14, 66. Plaintiff had ample opportunity
to construe the '603 patent claims during the 1998 case. Claim preclusion bars him from
making this assertion again. See United States ex Barajas, 147 F.3d at 909.

   Plaintiff also alleges that Microsoft falsely represented that "multithreading requires
that the editor be interrupted and preempted at each interrupt." Amended Compl. ¶ 14.
Plaintiff maintains that Microsoft's major fraud on the court was the "knowingly false
assertion that the '603 patent is invalid as failing the written description requirement of 35
U.S. Code §112 because the ordinary meaning of 'multithreading' allegedly 'requires' that
an editor thread be preemptively interruptible." Id. ¶ 24. Plaintiff made this argument in the
1998 case. Mot. for Reconsideration, No. 98-00266, (dkt. 581) at 2, 3, 10, and 19. The court
considered and rejected it. Order, No. 98-00266, (dkt. 598) at 5. Claim preclusion bars him
from making this assertion again. See United States ex Barajas, 147 F.3d at 909.

---

[5] Plaintiff labels these allegations of fraud on the court as numbers seven and eight respectively. See Compl. ¶ 14.

8

Plaintiff further claims that the Lycklama declaration submitted as evidence supported these false contentions. Amended Compl. ¶ 14. Plaintiff seems to allege that Microsoft committed fraud on the court by producing a declaration from expert Dr. Heinz Lycklama, who is not actually an expert in "multithreading," a key term in the case for patent invalidity. Id. ¶¶ 34, 41-48. This false expert's declaration, Plaintiff alleges, constituted "the clear and convincing evidence upon which the defense was based." Id. ¶¶ 34, 49. Plaintiff had the opportunity to challenge, and did challenge, the validity of Dr. Lycklama's expert credentials. Mot. to Preclude Testimony, No. 98-00266 (dkt. 327). Claim preclusion bars Plaintiff from making this assertion again. See United States ex Barajas, 147 F.3d at 909.

Because Plaintiff has already litigated, or had the opportunity to litigate these claims, *res judicata* bars him from raising them again.

### C. Plaintiff's allegation that Microsoft's allegedly false assertion that Plaintiff stole multithreading fails to state a claim for fraud on the court.

Finally, Plaintiff highlights Microsoft's accusation in the earlier litigation that he stole Defendant's invention in 1982 from treatises published in 1988. Amended Compl. ¶¶ 14, 53. That allegation fails to state a claim of fraud on the court. Microsoft's statement that Plaintiff stole multithreading, while arguably derogatory, has not disrupted the judicial process such that relief is warranted. Fraud on the court must "improperly influence the court in its decision." Latshaw, 452 F.3d at 1104. Nothing in the record from the 1998 case suggests that Microsoft's allegation impacted the court's decision to declare the '603 patent invalid and award summary judgement for Microsoft. See Order, No. 98-00266 (dkt. 454) at 16, 20 (stating that "[t]he court's role is not to focus on the relative merits of the competing positions, but rather to focus on the presence or absence of genuine issues of material fact" and finding the '603 patent "invalid under §112's written description requirement"). Without a link between the allegedly false assertion and the reasoning behind the award of summary judgment, Plaintiff has failed to state a claim for fraud on the court.

//

9

**IV. CONCLUSION**

For the foregoing reasons, Defendant Microsoft's Motion to Dismiss is GRANTED, and the case DISMISSED with prejudice. Plaintiff's Motion to Set Aside Judgment is also DENIED as moot.

**IT IS SO ORDERED.**

Dated: October 26, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE