IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GARDNER REIFFIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORP. ET AL.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 11-03505 CRB<br><br>**ORDER REGARDING SERVICE** |

    Prior to the hearing on Defendant Microsoft Corporation's Motion to Dismiss (dkt. 10), Plaintiff Martin Reiffin moved for entry of default as to Defendants William H. Gates, III and Steven A. Ballmer. See dkts. 31, 32. The Clerk of the Court declined to enter default as to those Defendants. See dkts. 33, 34. Thereafter, the Court granted Defendant Microsoft's Motion to Dismiss. See dkt. 39. Defendants Gates and Ballmer have yet to appear in this case, and so the Court held a case management conference on November 18, 2011 to inquire as to the status of those remaining Defendants. See dkt. 48. Plaintiff maintained that he had properly served Defendants Gates and Ballmer, and that the Court has jurisdiction over them.

    In light of the Clerk of the Court's declination to enter default, the Court is particularly concerned about the issue of service. Specifically, Plaintiff represents that he served Defendant Gates by serving an individual named Todd Mischke, a private investigator

"[a]uthorized by William H. Gates to accept all legal service of process on his behalf." See dkt. 31 at 3 (Proof of Service). Similarly, Plaintiff represents that he served Defendant Ballmer by serving an individual named Ron Rhoades, a property manager at Defendant Ballmer's residence "[a]uthorized by Steven A. Ballmer to accept all legal service of process on his behalf." See dkt. 32 at 3 (Proof of Service). The Court is not satisfied that such service was proper. Accordingly, Plaintiff is directed to take the depositions of Mischke and Rhoades in order to establish that they are "agent[s] authorized by appointment . . . to receive service of process" under Federal Rule of Civil Procedure 4(e)(2)(C) for Defendants Gates and Ballmer respectively. Plaintiff shall file the deposition transcripts with the Court within sixty (60) days of this Order.

**IT IS SO ORDERED.**

Dated: November 22, 2011            CHARLES R. BREYER
                                    UNITED STATES DISTRICT JUDGE