IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GARDNER REIFFIN,<br><br>  Plaintiff,<br><br> v.<br><br>MICROSOFT CORP. ET AL.,<br><br>  Defendants. | No. C 11-03505 CRB<br><br>**ORDER VACATING HEARING, DENYING MOTION TO VACATE, DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING MOTION TO STRIKE, AND DISMISSING CASE** |

## I.  BACKGROUND

Plaintiff Martin Reiffin brought suit against Microsoft in 1998 for patent infringement. See No. 98-0266, Compl. (dkt. 1) ("the 1998 case"). When he lost in the 1998 case, he filed a new case before this Court to vacate the prior judgment, alleging that Defendants Microsoft, William Gates, and Steven Ballmer committed "fraud on the court" during the 1998 case. No. 11-03505, Amended Compl. (dkt. 23) ¶ 1.

On October 26, 2011, the Court granted Defendant Microsoft's Motion to Dismiss, holding that Plaintiff's claims are barred by *res judicata*. See Order (dkt. 39). The Court entered judgment for Defendant Microsoft the same day, see Judgment (dkt. 40), and Plaintiff filed an appeal, see Notice of Appeal (dkt. 43).

On November 18, 2011, the Court held a case management conference to address the status of Defendants Gates and Ballmer, see Minutes (dkt. 47), and subsequently ordered

1 Plaintiff to take the depositions of the individuals Plaintiff claimed to have served on Gates's
2 and Ballmer's behalf, see Order Regarding Service (dkt. 49). Plaintiff filed a Motion for
3 Reconsideration and for Entry of Default against Gates and Ballmer (dkt. 52). Subsequently,
4 Gates and Ballmer appeared in the case, filing a Motion to Dismiss (dkt. 55), and so the
5 Court stayed the Order Regarding Service, denied the motions for default, and directed
6 Plaintiff to respond to the Motion to Dismiss, see Order as to Three Filings (dkt. 60).

On December 6, Plaintiff filed an Opposition to Gates and Ballmer's Motion to
Dismiss, which was also a Request for Reconsideration of the Order granting Microsoft's
Motion to Dismiss (dkt. 62). The Court denied that Request for Reconsideration as
procedurally improper. See Order Denying Request for Reconsideration (dkt. 63).

Four new motions have since been filed. Pursuant to Civil Local Rule 7-11(c), the
Court finds the motions suitable for determination without a hearing, VACATES the motion
hearing set for Friday, February 3, 2012, and makes the following holdings.

## II. DISCUSSION

### A. Plaintiff's Motion under Rule 60(b)(4)

In this Motion, Plaintiff seeks to vacate the Court's Order Denying his Request for
Reconsideration. See generally Rule 60(b)(4) Motion (dkt. 67). The Court DENIES the
Motion for the reasons stated in Microsoft's Opposition (dkt. 70), chiefly that the
complained-of Order is not a "final judgment, order, or proceeding" under Rule 60(b).
Plaintiff is instructed to refrain from filing further motions for reconsideration and motions to
vacate unless such motions have merit.[1]

### B. Plaintiff's Motion for Partial Summary Judgment re False Defense of "New Matter"

In this Motion, Plaintiff argues that "Microsoft lied to the Federal Circuit by asserting
falsely in its January 26, 2011 Response to Reiffin's Motion, that col. 2, lines 22-7 of the

---

[1] See also Judge Alsup's orders in the 1998 case, 98-266. Dkt. 657 at 2: "Throughout this lengthy saga, plaintiff filed a steady stream of reconsideration motions and appeals. They were resolved and exhausted without changing the outcome." Id. at 6: "No more motions may be filed. If Mr. Reiffin wishes to challenge any of the rulings herein, an appeal to the Federal Circuit Court of Appeals is the appropriate recourse." Dkt. 660: "plaintiff's instant motion is procedurally improper in light of the prohibition against further motion practice."

'603 patent are improper as 'new matter' allegedly added after plaintiff's patent applications were filed." See MPSJ (dkt. 68) at 1. Plaintiff seems to suggest that an argument Microsoft made in a filing in the Federal Circuit would contradict an argument Microsoft could make in this case. See id. at 2 ("This 'new matter' issue is determinative."). This Motion does not make sense, as Microsoft has already been dismissed in the present case. See Order Granting Motion to Dismiss (dkt. 39); Judgment (dkt. 40). The Motion is therefore DENIED.

### C. Microsoft's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and for an Order Prohibiting Further Filings by Mr. Reiffin

In this Motion, Microsoft asks the Court to: (i) strike Plaintiff's Motion for Partial Summary Judgment; (ii) prohibit Plaintiff from filing another paper, other than a Notice of Appeal; (iii) require Plaintiff from obtaining the Court's permission before filing any other action in any court against Microsoft or its employees based on this subject matter; and (iv) set a fine of at least $10,000, payable to the Court, if he violates the Order. See Mot. to Strike (dkt. 71).

The Court DENIES the Motion. Having denied the Motion for Partial Summary Judgment, there is no need to strike it. As this Order dismisses the case without prejudice, the Court will not prohibit Plaintiff from filing another paper. And Microsoft is free to raise the issue of *res judicata*, as it did it here, if Plaintiff continues to sue Microsoft based on the same subject matter as the 1998 case. The Court will not treat Plaintiff as a vexatious litigant at this point.

### D. Gates and Ballmer's Motion to Dismiss

In this Motion, Gates and Ballmer urge dismissal of the case based on a lack of personal jurisdiction, failure to state a claim, and improper service. See MTD (dkt. 55). The Court GRANTS the Motion based on lack of personal jurisdiction.[2] The First Amended Complaint does not even endeavor to make a prima facie showing of the Court's personal jurisdiction over Gates or Ballmer. See Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007) ("mere 'bare bones' assertions of minimum contacts with the forum or legal

---

[2] The Court does not reach Gates and Ballmer's somewhat brief argument that non-mutual claim preclusion is appropriate here.

3

conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."). Even Plaintiff's Opposition fails to make any allegations of Gates's or Ballmer's contacts with this forum, instead making a conclusory argument about piercing the corporate veil. See Opp'n (dkt. 62).

Plaintiff is therefore granted **thirty (30) days** from the date of this Order in which to file an amended complaint, if he wishes to pursue this case against Defendants Gates and Ballmer. Failure to file an amended complaint by that time will result in dismissal. Plaintiff should serve any amended complaint on Gates and Ballmer as required by the Federal Rules. Plaintiff is further advised that, as he has already amended his complaint once, he should not expect a further opportunity to amend.

**IT IS SO ORDERED.**

Dated: February 2, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE