United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN GARDNER REIFFIN,

    Plaintiff,

    v.

MICROSOFT CORP. ET AL.,

    Defendants.

No. C 11-03505 CRB

**ORDER GRANTING GATES'S AND BALLMER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

    Pro se Plaintiff Martin Reiffin has been pursuing infringement claims against Microsoft Corporation since 1998. See Case No. 98-0266. This case has been before Judge Walker, the Federal Circuit, and Judge Alsup; it landed here when Plaintiff filed a new case alleging that Defendants Microsoft, William H. Gates III, and Steven A. Ballmer committed fraud on the court before Judge Walker.[1] See Compl. dkt. 1.[2] The motion practice before this Court alone has been extensive. On Friday April 13, 2012, the Court held a hearing on Gates's and Ballmer's Motion to Dismiss the SAC, for lack of personal jurisdiction and failure to state a claim.[3] See dkt. 83. As described below, the Court concludes that it has no

---

[1] Plaintiff also argues that Judge Walker's reasoning was flawed; much of the Second Amended Complaint ("SAC") (dkt. 80) and Plaintiff's briefing rehashes arguments about the alleged patent infringement, an issue that was resolved, although not to Plaintiff's satisfaction, long ago.

[2] All docket cites are to Case No. 11-3505 unless otherwise indicated.

[3] Plaintiff failed to appear at the hearing and has provided no explanation for his absence. See dkt. 94.

personal jurisdiction over the two defendants, and so GRANTS the Motion to Dismiss, with prejudice, on that basis.

## I.  BACKGROUND[4]

After this Court granted Microsoft's Motion to Dismiss and entered Judgment for Microsoft, see dkts. 39, 40, it held a case management conference to determine the status of Defendants Gates and Ballmer, see dkt. 48. Concerned about the propriety of service, the Court then ordered Plaintiff to take the depositions of the individuals Plaintiff claimed to have served on Gates's and Ballmer's behalf. See dkt. 49. Plaintiff filed a Motion for Reconsideration and for Entry of Default against Gates and Ballmer. See dkt. 52. Subsequently, Gates and Ballmer appeared in the case, filing a Motion to Dismiss, see dkt. 55, and so the Court stayed the Order Regarding Service, denied the Motions for Default, and directed Plaintiff to respond to the Motion to Dismiss, see dkt. 60.

On February 2, 2012, the Court granted Gates's and Ballmer's Motion to Dismiss, holding that "The First Amended Complaint ["FAC"] does not even endeavor to make a prima facie showing of the Court's personal jurisdiction over Gates or Ballmer." See dkt. 78 at 3. The Court granted Plaintiff thirty days to file an amended complaint, and directed Plaintiff to serve that amended complaint on Gates and Ballmer. Id. at 4. Plaintiff timely filed his SAC. See dkt. 80. Gates and Ballmer again moved to dismiss. See dkt. 83.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir.1984). The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). "When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a *prima facie* showing of

---

[4] The Court will not endeavor to recount the entire history of this case in this Order, only the history that is relevant to the pending Motion.

United States District Court
For the Northern District of California

jurisdictional facts to withstand the motion to dismiss." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995) (citations omitted); see also AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996). In this context, a *prima facie* showing is established if plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clemens Ltd., 328 F.3d. 1122, 1129 (9th Cir. 2003).

### III.   DISCUSSION

Gates and Ballmer move to dismiss for lack of personal jurisdiction.[5] Importantly, as was the case with the FAC, the SAC "does not even endeavor to make a prima facie showing of the Court's personal jurisdiction over Gates or Ballmer." See dkt. 78 at 3. The SAC does not address either defendants' contacts with California, alleging only that Gates is "a resident and citizen of the State of Washington" and that Ballmer is also "a resident and citizen of the State of Washington." SAC ¶¶ 23-24. The SAC's allegations as to these defendants mostly consist of Ballmer exhorting Microsoft employees to "Take every one of their good ideas and make them one of our good ideas," id. ¶ 143, and Gates rewarding Ballmer for that strategy by making him Microsoft's CEO, id. ¶ 144. Assuming the truth of these allegations, the SAC nonetheless utterly fails to establish the Court's personal jurisdiction over Gates and Ballmer.

Plaintiff does include some conclusory allegations of jurisdiction in his Opposition brief. See Opp'n (dkt. 86) at 1 ("defendants Gates and Ballmer personally induced infringement of the subject '603 patent throughout the State of California for fourteen years, and have had far more contacts with the State of California than the 'minimum contacts' required to subject these defendants to the personal jurisdiction of this Court."); id. at 8 ("DEFENDANTS' CONTACTS WITH CALIFORNIA FAR EXCEED THE MINIMUM

---

[5] They also move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but the Court does not reach those grounds.

3

REQUIRED TO BESTOW PERSONAL JURISDICTION").[6] And Plaintiff submitted "evidence" of the Court's jurisdiction in three declarations; one alleges that Gates was a willful infringer and attaches two letters Plaintiff sent (one of them to Gates) in 1997, a return letter Plaintiff received from Microsoft counsel, and documents showing Microsoft's presence in Silicon Valley, see Reiffin Decl. re Gates (dkt. 84); the other two attach documents that resulted from Plaintiff's Google search of the defendants' names combined with the words "California" (for Ballmer), see Reiffin Decl. re Ballmer (dkt. 81), and "Indian Wells" (for Gates), see Second Reiffin Decl. re Gates (dkt. 87).

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (citing Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts" can be satisfied with either "general jurisdiction" or "specific jurisdiction." Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001). As described below, the Court has neither general nor specific jurisdiction over Gates or Ballmer.

### A. General Jurisdiction

"General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting Data Disc, Inc. v. Sys. Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir. 1977)). "Unless a defendant's contracts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction." Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006). "For general (unlimited) jurisdiction, a higher level of 'contacts'

---

[6] This two-paragraph section of the brief describes only Microsoft's activities in California. See Opp'n ¶¶ 19-20. But see Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him. . . . Each defendant's contacts with the forum State must be assessed individually.").

4

with the forum state is required to support local jurisdiction." Roberts v. Synergistic Intern., LLC, 676 F. Supp. 2d 934, 942 (E.D. Cal. 2009). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54 (2011). A person is a citizen of the state were he or she is domiciled. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

### 1. General Jurisdiction over Gates

The SAC does not support the exercise of general jurisdiction over Gates. It alleges only that Gates is "a resident and citizen of the State of Washington." SAC ¶ 23. Based on that allegation, the state of Washington would have general jurisdiction over Gates; not California. See Goodyear Dunlop Tires Operations, S.A., 131 S. Ct. at 2853-54.

The papers Plaintiff submitted in opposing the defendants' Motion also do not establish general jurisdiction. The 1997 letters Plaintiff sent (one of them to Gates) and the 1998 letter Plaintiff received in response from a Microsoft attorney do not demonstrate "'substantial' or 'continuous and systematic'" contacts with California. See Sher, 911 F.2d at 1361. The materials Plaintiff attaches to his Second Declaration, which resulted from his entering "Bill Gates" and "Indian Wells" into Google, suggest that Gates owns (although they do not suggest that he frequents) a vacation house in Indian Wells, California. See Second Reiffin Decl. re Gates. This alleged property ownership does not constitute "'substantial' or 'continuous and systematic'" contacts with California. See Sher, 911 F.2d at 1361. Indeed, in Fireman's Fund Ins. Co. v. Greenberg, No. 07-CV-1566, 2008 WL 2262423, at *4 (S.D. Cal. Feb. 25, 2008), the court found that a party's purchase of a vacation home and visit to that home on several occasions fell short of "substantial" or "continuous and systematic" contact. See also Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1544 (10th Cir. 1996) (holding where it appeared that a party "often visits Colorado but does a relatively small amount of business in the state" that there was no basis for general jurisdiction). Plaintiff provides no authority holding that ownership of a vacation house is sufficient to establish general jurisdiction.

5

1  Accordingly, Plaintiff has failed to make a prima facie showing of the Court's general
2  jurisdiction over Gates.

### 2.     General Jurisdiction over Ballmer

As with Gates, the SAC alleges that Ballmer is "a resident and citizen of the State of Washington." SAC ¶ 24. Based on that allegation, the state of Washington would have general jurisdiction over Ballmer; not California. See Goodyear Dunlop Tires Operations, S.A., 131 S. Ct. at 2853-54.

The papers Plaintiff submitted in opposing the defendants' Motion also do not establish general jurisdiction in California. In his Declaration pertaining to Ballmer, Plaintiff purports to attach "the published reports of defendant Ballmer's extensive business activities throughout the State of California," which he concludes "constitute far more than the 'minimum contacts' required to subject him to the personal jurisdiction of the Court." Reiffin Decl. re Ballmer ¶ 2. The "reports," various articles and web pages resulting from Plaintiff's Google search, mostly show that Ballmer has attended several California-based conferences on behalf of Microsoft over the years. See id. Exs. A-X. However, attendance at conferences has frequently been found to be insufficient to confer general jurisdiction. See, e.g., Core-Vent Vorp. v. Nobel Indus. AB, 11 F.3d 1482, 1490 (9th Cir. 1993) (attendance at five conferences constitutes "random, fortuitous, or attenuated contacts" and therefore not a basis for jurisdiction); Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012, 1017-18 (9th Cir. 2009) ("four conferences over five years constitute only sporadic and insubstantial contacts"); Bancroft & Masters, Inc. v. Augusta Nat., Inc., 45 F. Supp. 2d 777, 780-81 (N.D. Cal. 1998), reversed on other grounds by Bancroft & Masters, Inc. v. Augusta Nat., Inc., 223 F.3d 1082 (9th Cir. 2000) ("Nor do ANI's occasional business trips to California to attend conferences or educational seminars reflect the type of substantial or continuous and systematic contact needed to confer general jurisdiction."). Again, Plaintiff points to no authority holding to the contrary.

In assessing general jurisdiction, courts are to focus on the "economic reality" of the defendants' activities, rather than a mechanical checklist. See Gates Learjet Corp. v. Jensen,

6

743 F.2d 1325, 1331 (9th Cir. 1984).  Here the economic reality is that Ballmer's contacts with California are "more occasional than continuous, and more infrequent than systematic." Id. at 1331.  Accordingly, Plaintiff has failed to make a prima facie showing of the Court's general jurisdiction over Ballmer.

### B.     Specific Jurisdiction

Specific jurisdiction requires that "(1) the nonresident defendant . . . purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum . . . ; (2) the claim . . . be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction . . . be reasonable." See Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).  The plaintiff bears the burden of satisfying the first two prongs of the test, and if he succeeds at that, the burden shifts to the defendant to show compellingly that the exercise of jurisdiction would not be reasonable.  Schwarzenegger, 374 F.3d at 802.

#### 1.     Specific Jurisdiction over Gates

The SAC provides no allegations that would support the Court's exercise of specific jurisdiction over Gates.  To the extent that the SAC alleges that Gates condoned Ballmer's strategy of stealing other people's ideas, see SAC ¶ 144, that allegation is in no way tied to this forum, or to Plaintiff's allegation that the defendants committed fraud on the court.[7]  The papers that Plaintiff submitted in opposing the defendants' Motion also do not establish specific jurisdiction.  The 1997 letters Plaintiff sent (one of them to Gates) and the 1998 letter Plaintiff received in response from a Microsoft attorney do not show Gates purposefully directing any activities to California, or purposefully availing himself of the

---

[7] It is instead related to Plaintiff's allegations of infringement, an issue that has already been litigated and is no longer before this Court.  See dkt. 39 at 2-3 (describing the history of litigation in this case).  Similarly, the assertions in Plaintiff's Opposition that "Gates was a willful infringer" and that he "had in his possession in 1997 a copy of the '603 patent" are conclusory, unsubstantiated, and not related to fraud on the court.  Plaintiff is before this Court only because he alleges that the defendants committed fraud on the court in the underlying patent case.  See id. at 5 ("Plaintiff's Complaint challenges the judgment in the 1998 case based on eight 'knowingly false' assertions Microsoft allegedly made during the prior litigation.").

7

1 privilege of conducting activities in California; in fact, they do not show Gates engaged in 2 any activities at all. The materials suggesting that Gates has a vacation house in Indian 3 Wells, California, also fail because they have nothing to do with this case; the claim that 4 defendants committed fraud on the court does not arise out of or relate to Gates's vacation 5 house. Accordingly, Plaintiff has not carried his burden of satisfying the first two prongs of 6 the test, and he has not made a showing of the Court's specific jurisdiction over Gates. See 7 Schwarzenegger, 374 F.3d at 802.

### 2. Specific Jurisdiction over Ballmer

Similarly, the SAC provides no allegations that would support the Court's exercise of specific jurisdiction over Ballmer. To the extent that the SAC alleges that Ballmer initiated a strategy of stealing other people's ideas, see SAC ¶ 143, that allegation is in no way tied to this forum, nor to Plaintiff's claim that the defendants committed fraud on the court. Additionally, "the published reports of defendant Ballmer's extensive business activities throughout the State of California," Reiffin Decl. re Ballmer ¶ 2, submitted in opposition to the Motion, essentially show Ballmer going to conferences and shaking hands in California; Plaintiff's claim that defendants committed fraud on the court does not arise out of or relate to such activities. Accordingly, Plaintiff has not carried his burden of satisfying the first two prongs of the test, and he has not made a showing of the Court's specific jurisdiction over Ballmer. See Schwarzenegger, 374 F.3d at 802.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE the Motion to Dismiss based on a lack of personal jurisdiction. That Plaintiff did not add to the SAC any allegations supporting personal jurisdiction, when the Court had dismissed the FAC for that very failing, and that the "evidence" Plaintiff offered for the first time in support of his opposition papers was also insufficient, compels the Court to find that further amendment

//

//

8

would be futile.[8]

**IT IS SO ORDERED.**

Dated: April 16, 2012

CHARLES  R. BREYER

UNITED STATES DISTRICT JUDGE

---

[8] The Court is also in receipt of Plaintiff's most recent Motion to Vacate. See dkt. 93. That Motion is directed at the Court's October 2011 Order granting Microsoft's Motion to Dismiss, dkt. 39, which Plaintiff has already appealed, see dkt. 43. Accordingly, the Motion is procedurally improper and is DENIED. Plaintiff is admonished, again, see dkt. 78 at 2, to cease from filing additional motions before the Court unless such motions have merit.

G:\CRBALL\2011\3505\order re gates and ballmer MTD SAC.wpd       9